**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 05 2012 ★

LONG ISLAND OFFICE

JOSEPH ARENA, on behalf of himself
and all others similarly situated,

                Plaintiffs,

-against-

PLANDOME TAXI INC., and ROBERT MARMO, an individual,

                Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

**CV-12 1078**

**HURLEY, J**
**BOYLE, M**

Plaintiff, JOSEPH ARENA (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated (collectively as "Plaintiffs" or "Class Action Plaintiffs" or "FLSA Plaintiffs"), by and through his attorneys, The Law Office of Borrelli and & Associates, P.L.L.C, brings this action for damages and other legal and equitable relief from Defendants PLANDOME TAXI INC., and ROBERT MARMO, an individual (collectively as "Defendants"), for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); the New York State Labor Law ("Labor Law"); the spread of hours requirement as contained in New York State regulation 12 NYCRR § 142 *et seq.*; the law of conversion; and any other cause(s) of action that can be inferred from the facts set forth herein.

**INTRODUCTION**

1. This is an action brought by Plaintiffs challenging acts committed by Defendants against Plaintiffs amounting to wage and hour violations, as well as collective and class claims of violations of Federal and New York State wage and hour laws.

1

2. Plaintiff brings this action on his own behalf and those similarly-situated pursuant to the law of conversion; and Federal and New York State laws requiring overtime pay for employees, as well as those prohibiting retaliation for complaining about violations of the FLSA and New York State Labor Law.

3. Defendants committed violations of these laws by engaging in a systematic scheme of failing to compensate Plaintiff and similarly-situated employees their statutorily required spread of hours pay; deducting monies from wages for taxes even though know such taxes were actually paid amounting to conversation; and failing to compensate Plaintiff and similarly situated employees their statutorily required overtime pay as well as at a rate of pay in accordance with the Federal and State statutorily required minimum rate of pay per hour worked.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) under 29 U.S.C. § 201 et. seq.

5. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain offices, conduct business and reside in this district.

## PARTIES

7. Joseph Arena is a citizen of New York and a resident of Port Washington; a town located within Nassau County, New York.

8. Defendant Plandome Taxi Inc. is a corporation organized under the laws of the State of New York and has a principle place of business within Nassau County, New York.

9. Plandome Taxi Inc. is the holding company that owns Plandome Taxi, a for hire limousine service with a principal place of business located at 44 Maple Place, Manhasset, New York, 11030.

10. Defendant Robert Marmo ("Marmo") is the chairman and/or chief executive owner of Plandome Taxi Inc. and the owner/operator of Plandome Taxi.

11. Upon information and belief, the amount of qualifying annual volume of business for Plandome Taxi Inc. exceeds $500,000.00, and thus subjects the business to the FLSA's overtime requirements. Additionally, all of Plandome Taxi employees are engaged in interstate commerce as they all handle goods that have been and continue to be moved in interstate commerce. This independently subjects Plandome Taxi to the overtime requirements of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit pursuant to 29 U.S.C. § 216(b) on his own behalf as well as those in the following class:

3

> Current and former employees of Defendants who perform any work in any of Defendants' locations as non-managerial employees who give consent to file a cause of action to recover monies wrongfully deducted from wages for taxes as no such taxes were paid; the legally mandated spread of hours which is due to them for the time worked in excess of ten hours per day; and to recover overtime compensation which is legally due them for the time worked in excess of in excess of forty hours in a given work week, as well as to recover the difference between the amount of wages actually paid to them and the statutorily minimum amount due ("FLSA Plaintiffs").

13. Plaintiff is similarly situated to all such individuals because while employed by Defendants, he and all FLSA Plaintiffs performed similar tasks; were subject to the same laws and regulations; had monies deducted from wages for taxes even though no such taxes were paid; were paid in the same or similar manner; were paid the same or similar rate; were required to work in excess of ten hours per day; forty hours per work-week; were not paid the required one and a half times their respective regular rates of pay for overtime hours worked; were not paid any amount at all for overtime hours worked; and were not paid at an amount equal to the minimum hourly required rate of pay per hour worked.

14. Specifically, for the last six years, Plaintiffs were scheduled to work and/or required to work in shifts of approximately five days per week; twelve hours per day; sixty hours a week; had monies deducted from wages for taxes even though no such taxes were paid, and earned approximately $300.00 per week.

15. Defendants treated all FLSA Plaintiffs similarly; specifically requiring them to work in excess of 40 hours per workweek without overtime compensation. Plaintiff and FLSA Plaintiffs work and/or worked for Defendants at their place of business in shifts of

4

approximately five days per week; twelve hours per day; sixty hours a week; earned approximately $300.00 per week; and yet Defendants did not pay them the statutorily required overtime compensation. They also had monies deducted from wages for taxes even though no such taxes were paid; worked without being compensated for the legally mandated spread of hours pay and were not compensated at an hourly rate in accordance with the minimum legally required hourly rate of pay.

16. All FLSA Plaintiffs are engaged in interstate commerce as they are required to handle goods that have been and are regularly moved in interstate commerce.

17. Defendants are and have been aware of the requirement to pay Plaintiff and FLSA Plaintiffs for spread of hours; overtime hours worked; and at a rate in accordance with the minimum rate of hour's laws; and yet Defendants purposefully chose not to abide by them.

## RULE 23 CLASS ALLEGATIONS

18. Plaintiff additionally seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on his own behalf as well as those who are similarly situated and are also FLSA Plaintiffs, who, during the applicable statutes of limitations, were subjected to violations of the New York State Labor Law.

19. Under F.R.C.P. 23(b)(3), Plaintiff must plead that the class:
    a. Is so numerous that joinder is impracticable;
    b. There are questions of law or fact common to the class which predominate any individual questions of law or fact;
    c. Claims or defenses of the representative are typical of the class;
    d. The representative will fairly and adequately protect the class; and,

    e. A class action is superior to other methods of adjudication.

20. The Class which Plaintiffs seek to define includes:

> All non-managerial persons employed by Defendants to perform any work in any of Defendants' locations in any capacity during the statutory period within the State of New York who (1) worked in excess of forty hours per week and/or worked in excess of ten hours per day; and were not compensated with overtime pay; and/or (2) were not compensated at a rate in accordance with the minimum rate of hours laws and/or (3) had monies deducted from wages for taxes even though no such taxes were paid.

<u>Numerosity</u>

21. Upon information and belief, during the previous six years, Defendants have, in total, employed in excess of fifteen employees in order to staff Plandome Taxi.

<u>Common Questions of Law and/or Fact</u>

22. There are questions of law/fact that govern over the claims which are available to each and every Class Action Plaintiff, including but not limited to the following:

    a. Whether Class Action Plaintiffs worked in excess of forty hours per week and/or ten hours per day;

    b. Whether Class Action Plaintiffs were scheduled to work and/or required to work in shifts of approximately twelve hours per day, six days per week;

    c. Whether Class Action Plaintiffs were compensated for overtime pay pursuant to law;

    d. Whether Defendants failed to pay Class Plaintiffs for the hours worked in excess of forty hours;

    e. Whether Class Action Plaintiffs were compensated at a rate less than the statutorily required minimum hourly rate of pay;

6

    f. Whether Defendants kept accurate records of hours worked by Class Action Plaintiffs;

    g. Whether Class Action Plaintiffs had monies deducted from wages for taxes whereupon no such taxes were paid; and

    h. Whether Defendants have any affirmative defenses for any of these claims.

Typicality of Claims and/or Defenses

23. Plaintiff is employed by Plaintiffs as a for hire limousine driver in the same capacity as all of Defendants' non-managerial employees entitled to earn at least minimum wage; spread of hours; and time and a half for overtime services performed. At all times Plaintiff worked at Plandome Taxi as was required. Specifically, Plaintiff was provided with a Plandome Taxi car without a fare counter; given fixed routes; instructed not to take passengers who hail; instructed as to the hours and days he was to work; instructed as to which passengers to take; instructed as to which fares to take; instructed as to the rate of fare to charge; instructed as to which routes to take; instructed to take multiple fairs; told which routes to drive; instructed as to which company car he was to drive; instructed to perform an inspection of said car prior to driving; and yet he was not compensated at a rate that was equal to the minimum wage throughout his employment; the legally mandated spread of hours for days worked in excess of ten hours; and he was not paid for overtime services performed. Moreover, he was paid in cash with deductions made for taxes even though no such taxes were actually paid. Defendants wrongfully deducted from Plaintiff's wages for car insurance premiums even though no such insurance payments were actually paid.

24. This was the same or similar for all of Defendants' non-managerial employees. Thus, there are common questions of law and fact which are applicable to each and every one of Defendants' non-managerial employees holding those exact or similar non-managerial positions.

25. This treatment included without limitation the failure to pay employees the proper overtime wages; legally mandated spread of hours; and failure to compensate employees in accordance with the statutorily prescribed minimum rate of pay.

### Adequacy

26. The representative party is not currently employed by Defendants.

27. Plaintiff fully anticipates the ability to testify under oath as to the services worked and time spent thereof for Defendants and would properly and adequately represent the current and former employees who have been subjected to the treatment alleged herein.

28. Additionally, Plaintiff's attorneys have substantial experience in this field of law.

### Superiority

29. Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

30. Plaintiff has no facts relating to the class claims that are atypical from those of the class. Indeed, upon information and belief, Plaintiff was treated identically to other employees aside from his individual claim for retaliation.

31. Indeed, because Plaintiff was recently employed by Defendants, he will be able to further represent Class Action Plaintiffs by being able to communicate with fellow ex-employees and current employees that are still employed by Defendants.

32. Thus, the means of protecting all of Class Action Plaintiffs' rights is superior to any other method.

## FACTS

33. Plaintiff commenced his employment with Defendants' beginning in or around August 2011 as a for hire limousine driver.

34. At all relevant times herein, Plaintiff was not an independent contractor.

35. At all relevant times herein, Plaintiff did not sign a contract for employment with Defendants.

36. At all relevant times herein, Plaintiff was an at will employee of Defendants.

37. At all relevant times herein, Defendants exercised full control over Plaintiff's hours; which fares he could take; which company car he was to drive; which routes he could take; and which gas station he was allowed to fill up the company car with gas at.

38. At all relevant times herein, Plaintiff was not free to choose his own hours during his employment with Defendants.

39. At all relevant times herein, Plaintiff was not free to choose which passengers and fares he could take during his work shift.

40. At all relevant times herein, Plaintiff was directed to show up for work at hours designated by Defendants.

41. At all relevant times herein, Plaintiff was provided with a company car owned by Plandome Taxi.

42. At all relevant times herein, Plaintiff was required to inspect the Plandome Taxi issued motor vehicle prior to commencing his work shift. After inspection, Plaintiff was required to fill out an inspection sheet and submit it to his supervisor.

43. At all relevant times herein, Plaintiff was instructed as to which driving routes to take.

44. At all relevant times herein, Plaintiff was instructed as to which fares to take.

45. At all relevant times herein, Plaintiff was instructed and did so in fact take multiple fares on his company assigned designated driving routes.

46. At all relevant times herein, Plaintiff was forced to share one half of his fares with Defendants.

47. At all relevant times herein, Plaintiff's wages were paid for in cash.

48. At all relevant times herein, Defendants paid Plaintiff in cash; Defendants made deductions from said payments for taxes withheld and never reported nor paid such taxes on plaintiff's behalf.

49. At all relevant times herein, car insurance payments for Defendants' cars used by Plaintiff during Plaintiff's work shift were deducted from Plaintiff's wages.

50. Defendants willfully and intentionally failed to pay Plaintiff his lawful wages.

51. For his services, Defendants compensated Plaintiff at approximately $300.00 per week in cash with deductions taken by Defendants for benefits that Plaintiff never enjoyed.  This compensation is far below the federal and state minimum rate of pay requirements. Additionally, Plaintiff was not compensated in excess of one and a half times the federal and state minimum rate of pay requirements for the hours he worked in excess of forty hours.  Moreover, Plaintiff was not compensated for hours worked in excess of ten hours a day without being compensated for the legally mandated spread of hours pay.

52. All of Defendants' non-managerial employees were compensated in a manner similar to the manner in which Defendants compensated Plaintiff while Plaintiff held his non-managerial position.

53. Plaintiff was not issued pay stubs in violation of law.

54. All of Defendants' employees worked similar hours to Plaintiff and they were not compensated at the legally mandated minimum wage; overtime rate for hours worked per week in excess of forty hours; spread of hours; and had their wages wrongfully garnished by Defendants for taxes and other benefits that were never paid for.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL CLASS ACTION PLAINTIFFS
*(For Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219)*

55. Plaintiff and Class Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56. Plaintiff and all other non-managerial employees of Defendants were required to work in excess of forty hours a week without being compensated for those hours at any rate of pay, much less at the statutorily required time and a half pay, and were also on average not compensated at the minimum hourly rate of pay, much less at a rate of one and a half times the applicable minimum wage laws. These practices were willful and lasted for the duration of the relevant time periods.

57. These practices are in willful violation of the Fair Labor Standards Act.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL CLASS ACTION PLAINTIFFS
*(For Violation of the New York Labor Law §§ 650 et. seq.)*

58. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. Plaintiff and Class Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60. Plaintiff and all other non-managerial employees of Defendants were required to work in excess of forty hours a week without being compensated for those hours at any rate of pay, much less at the statutorily required time and a half pay, and were also on average not compensated at the minimum hourly rate of pay, much less at a rate of one and a half times the applicable minimum wage laws. These practices were willful and lasted for the duration of the relevant time periods.

61. These practices are in willful violation of the New York Labor Law §§ 650 et. seq.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL CLASS ACTION PLAINTIFFS
*(For violation of 12 N.Y.C.R.R. § 142-2.4)*

62. Plaintiff and Class Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63. Plaintiff and all other non-managerial employees of Defendants were required to work in excess of 10 hours a day without being compensated for the legally mandated spread of hours pay. These practices were willful and lasted for the duration of the relevant time periods.

64. This practice is in violation of 12 N.Y.C.R.R. § 142-2.4.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL CLASS ACTION PLAINTIFFS
*(For Violation of the New York Labor Law §§ 193 et. seq.)*

65. Plaintiff and Class Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66. Defendants wrongfully deducted from Plaintiff's and Class Action Plaintiffs' wages in violation of all applicable laws.

67. Plaintiff and Class Action Plaintiffs did not expressly authorize, in writing, deductions from their respective wages for car insurance premiums.

68. Defendants wrongfully deducted monies from wages earned Plaintiff and all other non-managerial employees of Defendants for car insurance premiums even though no such insurance payments were actually paid.

69. This practice is in violation of The New York Labor Law.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL CLASS ACTION PLAINTIFFS
*(Conversion)*

70. Plaintiff and Class Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

71. Defendants wrongfully deducted monies from wages earned Plaintiff and all other non-managerial employees of Defendants for car insurance premiums even though no such insurance payments were actually paid constitute fraud and conversion.

72. Defendants' intentional deduction from plaintiff's paycheck for amounts to pay withheld taxes together with Defendants' subsequent failure to pay such taxes constitutes fraud and conversion.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class Action Plaintiffs demand judgment against Defendants as follows:

1.  Demand a jury trial on these issues to determine liability and damages;

2.  Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert

with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

3. A judgment declaring that the practices complained of herein are unlawful and in violation of Fair Labor Standards Act, 29 U.S.C. §§ 201-219; the New York Labor Law §§ 650 et. seq.; the law of conversion; and the New York "spread of hours" pay required under 12 N.Y.C.R.R. § 142-2.4.

4. A judgment declaring that the Class Action Plaintiffs are not exempt from the minimum wage and overtime requirements pursuant to 28 U.S.C. § 2201; the Fair Labor Standards Act the Fair Labor Standards Act 29 U.S.C. §§ 201-219; the New York Labor Law §§ 650 et. seq.; and the New York "spread of hours" pay required under 12 N.Y.C.R.R. § 142-2.4

5. All damages, including without limitation liquidated damages, which Plaintiff and the Class Action Plaintiffs have sustained as a result of Defendants' conduct, including back pay, front pay, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

6. An award to the Plaintiff and the Class Action Plaintiffs of liquidated damages, compensatory damages, including but not limited to damages for emotional pain and suffering where appropriate;

7. An award to the Plaintiff and Class Action Plaintiffs of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

8. An award to the Plaintiff and Class Action Plaintiffs for the amount of unpaid wages, including interest thereon, and penalties subject to proof;

9. Exemplary and punitive damages in an amount to commensurate with Defendants' ability and so as to deter future malicious, reckless, and/or intentional where appropriate;

10. Awarding Plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

11. Pre-judgment and post-judgment interest, as provided by law; and

12. Granting Plaintiff and Class Action Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: March 1, 2012
      Great Neck, New York

    Respectfully submitted,
    **THE LAW OFFICE OF**
    **BORRELLI & ASSOCIATES, PLLC**
    *Attorneys for Plaintiffs*
    1010 Northern Boulevard, Suite 328
    Great Neck, NY 11021
    (516) 248-5550

    _____
    DAVID H. ROSENBERG, ESQ. (DR-2705)
    MICHAEL J. BORRELLI, ESQ. (MB8533)