UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JOSEPH ARENA, on behalf of himself and all
others similarly situated,

                              Plaintiffs,                            ORDER

     -against-                                                    CV 12-1078 (DRH)(ETB)

PLANDOME TAXI INC., and ROBERT MARMO,
an individual,

                              Defendants.
-------------------------------------------------------------------------X

       This putative class action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the New York Labor Law, alleging that defendants failed to, inter alia, appropriately compensate plaintiffs for hours worked in excess of forty per week. Before the Court is the plaintiffs' request to equitably toll the FLSA statute of limitations for those putative plaintiffs who may later choose to participate in this action - but have not thus far opted in pursuant to 29 U.S.C. § 216(b) - while the defendants' motion for summary judgment, which is sub judice, is pending. Defendants oppose plaintiffs' request.

       "The FLSA has a two-year statute of limitations except in the case of willful violations, for which the statute of limitations is three years." Cohen v. Gerson Lehrman Group, Inc., No. 09 CV 4352, 2010 U.S. Dist. LEXIS 1666, at *35 (S.D.N.Y. Jan. 6, 2010) (citing 29 U.S.C. § 255(a)). An FLSA action is "deemed commenced on the date of filing" only for those named plaintiffs who have simultaneously filed consents to join the action. Hinterberger v. Catholic Health Sys., No. 08-CV-380S, 2009 U.S. Dist. LEXIS 97944, at *44 (W.D.N.Y. Oct. 20, 2009). "The action commences for each putative plaintiff on the date the individual opts into the suit by

-1-

filing his or her own written consent." Id. (citing 29 U.S.C. § 256) (additional citation omitted).

"Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." Johnson v. Nyack Hosp., 86 F.3d 8, 12, (2d Cir. 1996) (citing Bowers v. Transportacion Maritima Mexicana, S.A., 901 F.2d 258, 264 (2d Cir. 1990)). However, as the Second Circuit has held, "equitable tolling is only appropriate 'in [] rare and exceptional circumstances,' . . . in which a party is 'prevented in some extraordinary way from exercising his rights.'" Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (citations omitted).

Courts in this circuit have found equitable tolling appropriate in the following situations: (1) "where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period," id. (citing Brown v. Parkchester S. Condos, 287 F.3d 58, 60 (2d Cir. 2002); (2) "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," Ramirez, 568 F. Supp. 2d at 269 (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)) (additional citations omitted); or (3) "where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion." Zerilli-Edelglass, 333 F.3d at 80 (citing cases). Courts have also found extraordinary circumstances to exist that warrant equitable tolling where an employee demonstrates that "it would have been impossible for a reasonably prudent person to learn of the cause of action . . . or if the defendant concealed from the plaintiff the existence of the cause of action." Ramirez, 568 F. Supp. 2d at 269 (citations omitted).

"Equitable tolling requires a party to pass with reasonable diligence through the period it seeks to have tolled." Johnson, 86 F.3d at 12 (citing cases). In determining whether equitable

tolling is applicable in a particular case, the Second Circuit has outlined two factors that district courts must consider: (1) whether the party seeking equitable tolling has "acted with reasonable diligence during the time period she seeks to have tolled," and (2) whether the party seeking equitable tolling "has proved that the circumstances are so extraordinary that the doctrine should apply." Zerilli-Edelglass, 333 F.3d at 80-81 (citing Chapman v. ChoiceCare Long Island Long Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002)).

Here, plaintiffs seek to toll the statute of limitations for unknown, unnamed potential class members who may or may not choose to participate in this action. According to plaintiffs, other similarly situated individuals have not been apprised of this action, nor have plaintiffs had the opportunity to argue that such similarly situated individuals exist. (Pl. Letter Mot. dated Mar. 28, 2013 at 2.) Plaintiffs further assert that they have no way of even knowing the identities of such similarly situated individuals because discovery on the issue has not been permitted. (Id.)

Plaintiffs voluntarily consented to a stay of discovery in this action on September 14, 2012, which the Court So Ordered, on consent, on September 19, 2012. Moreover, plaintiffs have yet to file a motion for conditional certification of a collective action. Plaintiffs argue that although they sought permission to make such a motion on May 16, 2012, defendants requested a pre-motion conference to file a motion for summary judgment seven days later, which was granted along with the stay of discovery. (Id.) However, plaintiffs do not explain how the filing of defendants' summary judgment motion precluded them from moving for conditional certification of a collective action.[1]

---

[1] A pre-motion conference with respect to plaintiffs' motion for conditional certification was held before the undersigned on May 24, 2012. After hearing from both sides regarding a threshold issue requiring resolution via summary judgment (i.e., whether the plaintiffs herein are

Plaintiffs argue that they have acted with reasonable diligence here in pursuing the claims of the putative class members. (Id.) The Court disagrees. Nor have plaintiffs demonstrated any exceptional circumstances to justify equitable tolling. Plaintiffs have presented no evidence to support their claim that the statute of limitations for unnamed, unknown class members should be equitably tolled while defendants' motion for summary judgment is pending. See Zerilli-Edelglass, 333 F.3d at 81 (affirming district court's denial of equitable tolling where plaintiff failed to act diligently); Hosking v. New World Mortgage, Inc., 602 F. Supp. 2d 441, 448 (E.D.N.Y. 2009) (denying motion for equitable tolling).

For the foregoing reasons, plaintiffs' motion for equitable tolling of the FLSA statute of limitations is denied, without prejudice to renewal.

**SO ORDERED:**

Dated: Central Islip, New York
April 23, 2013

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge

---

employees or independent contractors), the Court suggested that plaintiffs hold off on their motion for conditional certification of a collective action until after defendants' summary judgment motion was decided. (Tr. of May 24, 2012 Conference 12-13.) However, neither side advised the Court that there may be an issue with respect to the expiration of the statute of limitations at that conference. Moreover, the Court merely made a suggestion to plaintiffs as to what was the better course of action procedurally. Plaintiffs were in no way precluded from making their motion for conditional certification and should have done so if they knew they might face problems with respect to the statute of limitations.